UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANELLE CHRISTMAN and AMY A. McGHIE, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>FPMI SOLUTIONS, INC.,<br><br>Defendant. | CASE NO. C-05-0541<br><br>Honorable Maxine M. Chesney<br><br>**STIPULATED MOTION FOR CONFIRMATION OF ARBITRATION CONSENT AWARD AND TO CANCEL THE APRIL 28, 2006 STATUS CONFERENCE**<br><br>COLLECTIVE ACTION<br>[29 U.S.C. § 216(b)] |

This Stipulated Motion for Confirmation of Arbitration Consent Award and to cancel the April 28, 2006 status conference is jointly brought by Defendant FPMI Solutions, Inc. ("FPMI") and the eighty-seven Plaintiffs, by the signatures of their counsel of record to this Motion, and by Plaintiffs' execution of individual settlement agreements. (Defendant and Plaintiffs are collectively referred to as "the Parties."). The Parties do not request a status conference on this motion and request that the Court cancel the status conference currently scheduled for April 28, 2006. The Parties agree incurring additional travel expense to attend a final status conference is not necessary because the terms of the settlement have been finalized and agreed upon and the Arbitrator has approved the settlement. The only remaining detail is the issuance of the Order for Final Judgment by this Court.

## **RECITALS**

1.  Star Mountain, Inc. ("Star Mountain") was the Plaintiffs' employer until March 11, 2004, when FPMI purchased the assets of Star Mountain. Eighty-seven (87) former or

1    current employees of FPMI and/or Star Mountain opted into a collective action against both Star

2    Mountain and FPMI, and alleged that their employers misclassified their positions as exempt.

3    They demanded back pay, liquidated damages, and attorneys' fees.

4        2.    On May 18, 2005, Plaintiffs and FPMI filed a joint Stipulation and Proposed Order

5    to Stay Proceedings Pending Arbitration.  Eighty-Seven Plaintiffs signed a Consent To Join

6    Arbitration form, agreeing to participate in binding arbitration and to be bound by the rules and

7    procedures of the Judicial Arbitration Mediation Services ("JAMS").  A sample of the Consent

8    form is attached hereto as Exhibit 1.  On May 18, 2005, Judge Chesney approved the Proposed

9    Order, and the Settlement Parties proceeded to arbitration.  The arbitration proceeded before the

10   Honorable Curtis E. von Kann (Ret.).

11       3.    On November 18, 2005, Arbitrator von Kann issued an Interim Award finding that

12   Claimants were improperly classified and that FPMI and Star Mountain were liable for unpaid

13   overtime wages, liquidated damages, attorneys' fees and costs.  The Award further specified that

14   overtime wages would be paid according to the fluctuating workweek method.   A copy of the

15   signed Interim Award is attached hereto as Exhibit 2.

16       4.    Shortly thereafter, a settlement, which was subject to the Arbitrator's approval,

17   was reached between the parties.  Arbitrator von Kann approved and signed the Consent Award

18   on April 10, 2006.  A copy of the signed Consent Award is attached hereto as Exhibit 3.

19       5.    The Parties desire to resolve this litigation, and in doing so do not concede the

20   truth or falsity of any allegation of fact made in the pleadings in this matter, nor do they concede

21   the correctness or applicability of any legal theory of recovery or defense asserted in this action.

22       6.    The Parties have negotiated settlement agreements, which have been reviewed and

23   executed by the Plaintiffs, copies of which are attached as Exhibits 4 through 89.[1]  The  Parties

---

[1] Although Plaintiff Royd Nuckels has accepted the offer of settlement, he has not yet signed a Settlement Agreement due to his deployment to Iraq. His settlement agreement is identical to the other settlement agreements in all respects, except in amount. Plaintiffs' counsel assures the Court that they have obtained written confirmation of Mr. Nuckels wish to accept the terms of the settlement and anticipate that he will sign the release immediately upon his return from Iraq.

1  agree that the terms of the attached Consent Award, except as noted in the releases, constitute a
2  full and fair settlement of all claims raised by these eighty-seven individuals in this matter.

3    7.  The Consent Award was intended to and has extinguished all claims that exist or
4  that may exist between the parties for minimum wages or overtime pay under the Fair Labor
5  Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, and for minimum wages or overtime pay under
6  any other federal, state or common law (except as noted in the release), known or unknown, as of
7  the date that the Release Agreements, attached as Exhibits 4 through 89, were signed.  Nothing in
8  the Consent Award releases FPMI for any claims that are not based upon wage and hour
9  violations.  Specifically, Plaintiffs reserve any and all claims arising out of the employment
10 relationship, including claims for paid or unpaid benefits, for Workers Compensation, ERISA,
11 COBRA, HIPAA or other statutory claims, or for unique claims unrelated to wage and hour that
12 fall within the employment relationship.

13   8.  Because the settlement includes claims raised under the Fair Labor Standards Act
14 ("FLSA"), the Parties recognize that a Court must supervise and approve the settlements. "Claims
15 for FLSA violations can, of course, be settled when the settlement is supervised by the DOL or a
16 court." *Taylor v. Progress Energy, Inc.*, 415 F.3d 364, 374 (4th Cir. 2005).

17   9.  Because the case was sent to binding arbitration before the parties reached a
18 settlement, the Federal Arbitration Act ("FAA") applies.   Section 9 of the FAA states in relevant
19 part, "[i]f the parties in their agreement have agreed that a judgment of the court shall be entered
20 upon the award made pursuant to the arbitration, and shall specify the court, then at any time
21 within one year after the award is made any party to the arbitration may apply to the Court so
22 specified for an order confirming the award, and thereupon the court must grant such order unless
23 the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title."
24 9 U.S.C.A. § 9.

25   10.  Public policy favors expeditious enforcement of an award, even if the Court
26 disagrees with the arbitrator's legal or factual conclusions and if a party seeks to have an award
27 vacated, the burden to show cause to vacate is on the moving party. *Pacific Motor Trucking Co.*
28 *v. Automotive Machinists Union*, 702 F.2d 176, 177  (9th Cir. 1983) ; *Schoenduve Corp. v. Lucent*

*Technologies, Inc.*, 442 F.3d 727, 727 (9th Cir. 2006) ("A federal court may vacate an award if the arbitrator engages in misbehavior that prejudices a party, or if the arbitrator exceeds his powers in rendering such an award...[A]rbitrators exceed their powers in this regard not when they merely interpret or apply the governing law incorrectly, but when the award is completely irrational, or exhibits a manifest disregard of law."); *Lifescan, Inc. v. Premier Diabetic Services, Inc.*, 363 F.3d 1010, 1012 (9th Cir. 2004) ("The FAA gives federal courts only limited authority to review arbitration decisions, because broad judicial review would diminish the benefits of arbitration."); *Kyocera Corp. v. Prudential-Bache Trade Services,* 341 F.3d 987, 997 (9th Cir. 2003) (citing 9 U.S.C. section 11 for the proposition that a federal court may modify or correct an award **only** where there is an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property; where the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted; or where the award is imperfect in matter of form not affecting the merits of the controversy) (emphasis added).

## TERMS OF PROPOSED JUDGMENT

11.  Plaintiffs shall have Judgment against Defendant FPMI in the following amounts:

(a)  Bacchus, Rosie: $14,438.40
(b)  Baird, Gary: $31,839.84
(c)  Bell, Fletcher: $21,313.44
(d)  Boothby, Wayne: $23,909.10
(e)  Braken, Gary: $20,483.86
(f)  Brown, Lynnette P.: $2,779.68
(g)  Calloway, Gwendolyn: $2,158.96
(h)  Camacho, Daniel $20,805.50
(i)  Cantu, Shannon: $38,912.98
(j)  Chacon, Karen: $21,200.62
(k)  Christman, Janelle: $27,927.84
(l)  Coker, Pat: $4,662.68
(m)  Collins, Shirley: $19,686.54
(n)  Cornwell, Barry: $27,103.24
(o)  Corrigan, Timothy: 22,237.86
(p)  Crooks, Felicia: $18,248.94

(q)   Darrah, John: $24,544.90
(r)   Dias, Anthony: $8,152.56
(s)   Doerfler-Lake, Cheryl: $1,623.80
(t)   Dooley, Jim: $19,028.86
(u)   Dunn, Daniel: $16,610.20
(v)   Evans, Keith: $10,206.82
(w)   Gans, Richard: $21,698.34
(x)   Grippo, Michael: $17,889.08
(y)   Handy, William: $14,023.88
(z)   Harris, Patricia: $5,899.68
(aa)  Hastings, Richard: $17,853.78
(bb)  Herbst, Debra: $13,243.92
(cc)  Hosey, Regina: $16,166.30
(dd)  Huber, Dan: $20,974.84
(ee)  Isbister, John: $14,262.66
(ff)  Jones, John: $15,298.24
(gg)  Julian, Jacqueline: $26,106.32
(hh)  Kalet, Janice: $21,071.10
(ii)  Kowalski, Steve: $28,074.28
(jj)  Kwait, Scott: $17,658.80
(kk)  Ledford, Nilaja: $19,062.48
(ll)  Lessor, Joe: $22,064.38
(mm)  Limon, Amy: $20,867.26
(nn)  Loftheim, Dennis: $25,936.00
(oo)  Lorenz, Frank: $3,590.80
(pp)  Maia, Ana Christina: $12,210.68
(qq)  Magnuson, Ron: $21,870.20
(rr)  Maisonett, Rigo: $2,412.72
(ss)  Masters, Linda: $12,818.28
(tt)  Mazer, William: $20,334.62
(uu)  Mazzoleni, Flavio: $20,379.30
(vv)  McGhie, Amy: $8,194.20
(ww)  Mitchell, Leslie: $19,317.04
(xx)  Moore, Michael: $15,918.76
(yy)  Moore, Robert: $11,614.54
(zz)  Newman, Norm: $40,286.46
(aaa) Nguyen, Cong: $8,075.00
(bbb) Nuckels, Royd: $2,106.48
(ccc) O'Neil, Joanne: $23,646.08
(ddd) Parker, Peggy: $23,067.38
(eee) Piscane, Lisa: $10,527.16
(fff) Pixley, Robert: $16,594.96
(ggg) Plush, Kathleen: $1,908.06
(hhh) Rawls, Joanne: $18,094.88
(iii) Reilly, Thomas: $4,087.18
(jjj) Robbins, Kathryn: $26,929.18
(kkk) Rooks, Laura: $15,633.00
(lll) Russell, Donna: $23,862.68

| | | |
|---|---|---|
| (mmm) | Russell, Janice: | $19,580.74 |
| (nnn) | Saffa, Daniel: | $18,000.00 |
| (ooo) | Schreier, Lia: | $24,662.94 |
| (ppp) | Scullark, Alfreda: | $19,036.68 |
| (qqq) | Siegel, Allen: | $20,116.38 |
| (rrr) | Simmons, Sherida: | $20,942.56 |
| (sss) | Singamaneni, Kishore: | $8,632.80 |
| (ttt) | Smith, Carole: | $22,459.38 |
| (uuu) | Soden, Eric: | $13,442.18 |
| (vvv) | Spratt, Curtis: | $12,149.46 |
| (www) | St. Pierre, Jean: | $22,631.72 |
| (xxx) | Steffensen, Henrietta: | $17,107.76 |
| (yyy) | Steide, Kimberly: | $2,263.48 |
| (zzz) | Tabol, Jeffrey: | $15,684.18 |
| (aaaa) | Taylor, Steve: | $21,452.66 |
| (bbbb) | Town, Barrie: | $21,540.02 |
| (cccc) | van Soest, Gardy: | $11,596.30 |
| (dddd) | Ward, Carl: | $23,570.64 |
| (eeee) | White, Ernie: | $14,076.06 |
| (ffff) | Wilson, Robert: | $15,044.16 |
| (gggg) | Wirtanen, Onni: | $4,117.62 |
| (hhhh) | Woodhead, David: | $3,406.02 |
| (iiii) | Wright, Wayne: | $20,813.24 |

12. The Parties recognize that a portion of the settlement amounts to be paid to the above Plaintiffs are wages and, therefore, normal payroll taxes and withholdings will be deducted pursuant to state and federal law for that portion of the settlement amounts paid as back wages. One-half of each of the above amounts represents back wages, and one-half represents liquidated damages. For the one-half of the settlement amounts that represent liquidated damages, the amounts will be reported as income on IRS Form 1099. Said payments shall be made within 10 days of the Court's acceptance of the individual settlements

13. As indicated in the Consent Award, Counsel for Plaintiffs will receive $800,000.00, as attorneys' fees and costs for all work performed on behalf of the eighty-seven Plaintiffs, issued on an IRS Form 1099. Such payment shall be made within 10 days of the Court's acceptance of the individual settlements.

IT IS SO STIPULATED.

| | | |
|---|---|---|
| 1 | | |
| 2 | DATED: April 26, 2006 | LARSON • KING LLP |
| 3 | | |
| 4 | | By: _____/s/_____ |
| 5 | | T. Joseph Snodgrass (*pro hac vice*) |
| | | jsnodgrass@larsonking.com |
| 6 | | 2800 Wells Fargo Place |
| | | 30 East Seventh Street |
| 7 | | Saint Paul, Minnesota 55101 |
| | | Telephone: 651-312-6510 |
| 8 | | Facsimile: 651-312-6618 |

DATED: April 26, 2006        LARSON • KING LLP

By: _____/s/_____
T. Joseph Snodgrass (*pro hac vice*)
jsnodgrass@larsonking.com
2800 Wells Fargo Place
30 East Seventh Street
Saint Paul, Minnesota 55101
Telephone: 651-312-6510
Facsimile: 651-312-6618

Fulton M. Smith (California State Bar No. 121017)
101 California Street, Suite 1850
San Francisco, California 94111
Telephone: (415) 273-2930
Facsimile: (415) 273-2940

Attorneys for Plaintiffs JANELLE CHRISTMAN AND AMY A McGHIE, REPRESENTATIVE PLAINTIFFS, AND CERTAIN OPT IN FLSA PLAINTIFFS

DATED: April 26, 2006        PAUL, HASTINGS, JANOFSKY & WALKER LLP

By: _____/s/_____
Barbara L. Johnson (*pro hac vice*)
barbarajohnson@paulhastings.com
875 15th Street NW
Washington, D.C. 20005
Telephone: (202) 551-1700
Facsimile: (202) 551-1705

Sana Swe (SB # 173024 )
55 Second Street
Twenty-Fourth Floor
San Francisco, California 94105
Telephone: (415) 856-7000
Facsimile: (415) 856-7100

Attorneys for Defendant,
FPMI SOLUTIONS, INC.

1  **ORDER UPON STIPULATION FOR FINAL JUDGMENT**

2        The Court has reviewed and accepted this Stipulation as a proper disposition of

3  this matter.  Therefore,

4

5        IT IS SO ORDERED that the Consent Award issued by the Honorable Curtis E.

6  von Kann (Ret.). on April 10, 2006 is hereby confirmed and the status conference scheduled

7  before this Court for April 28, 2006 is canceled.  Further, the Clerk of this Court shall enter

8  Judgment in this matter, according to the provisions of Rule 58 of the Federal Rules of Civil

9  Procedure, and in accordance with the terms of this Stipulation.  Judgment shall be so entered

10 forthwith.

11

12 DATED: __April 27, 2006__   _____
                                                         The Honorable Maxine M. Chesney

13                                                       United States District Court